WASHBURN *against* THRALL:

IN ERROR.

A prisoner, who has taken the oath provided for poor debtors, is entitled to the money, deposited, by the creditor, with the gaoler, for such prisoner's maintenance; and may recover it from the gaoler, notwithstanding a tender by him of food and other necessaries.

*June 15.*

THIS was an action of *assumpsit*, brought by *Thrall*, a prisoner, who had been committed to the gaol of *Hartford* county, on execution for debt, had been admitted to the liberties, and had taken the poor debtor's oath, against *Washburn*, the keeper of such gaol, to recover the sum of 37 dollars, 93 cents, which had been deposited with him, by the

*Hartford,
June,
1821.*

*Washburn
v.
Thrall.*

creditor, for the prisoner's maintenance. The declaration averred, that the defendant had not provided the plaintiff with his weekly maintenance, or any part thereof, but that the defendant had maintained himself, without any cost or charge to the defendant, having previously given notice to the defendant, that he should so do. The defendant pleaded, that pursuant to the order of the county court, the sum so deposited by the creditor was appointed for the weekly maintenance of the plaintiff; and the defendant was ready and willing to provide victuals and other necessaries for the plaintiff, and did, during the period in question, provide and tender to the plaintiff such victuals and necessaries for his maintenance; which the plaintiff refused to accept. To this plea, the plaintiff demurred; and the city court, before whom the action was brought, adjudged it insufficient, and rendered judgment for the plaintiff to recover the sum demanded. A writ of error being brought in the superior court, for the reversal of that judgment, it was reserved for the advice of all the Judges.

*T. S. Williams* and *Tousey*, for the plaintiff in error.

*Trumbull* and *H. L. Ellsworth*, for the defendant in error.

HOSMER, Ch. J. The sole question, in this case, is, whether the plaintiff below, who had taken the oath by law provided for poor debtors, was entitled to the money left by his creditor with the gaoler, for his maintenance, or was bound to eat at the gaoler's table.

The money was paid for the use of *Thrall*, and he had right to the possession of it, unless the statute has appropriated it in the hands of the gaoler, for his support. It was his property; and, on principles of common law, it was his to use, dispose of, and enjoy, at his pleasure. I find no provision of statute law, which so places a prisoner on civil process under the gaoler's superintendency, that he is bound to supply his necessities, and to feed the prisoner on his provisions; and extraordinary it would be, if such a law had been made. The profit of the gaoler, was no part of the object in view, but the support of the prisoner; and if, by his own exertions, or the benevolence of other persons, he can obtain a mainte-

nance, it would be passing strange, that the gaoler should be paid for the industry of the debtor, or the bounty of his friends. In general, the poor prisoner expects to be supported by the gaoler, and that the money paid by his creditor should be retained in compensation ; but this is dependent on the debtor's pleasure, and not the end or object of the legal provision for his support. No law diminishes his right over his property ; no usage has impaired, or can impair it ; and principles of sound policy, as well as of humanity, require, that of the pittance allowed a poor prisoner, he should not be deprived, at the will of another. Imprisonment, although necessary, is a sufficient hardship, without placing the prisoner under the tutelage of the gaoler ; and nothing short of a law clearly imperative, can contravene the unquestionable rights of property, or lessen them beyond that which is of indispensible necessity, to attain the objects of imprisonment. The gaoler is under no legal obligation to maintain his imprisoned debtor ; the maintenance is allowed the latter ; and the eighth section of the act, (*tit.* 81. *c.* 1.) which declares, " that all poor prisoners shall be permitted to provide and send for their necessary food where they please," is conclusive on the subject before the court. It is likewise provided, that " the county court is to establish the weekly maintenance to be paid by creditors to their debtors ;" which expression furnishes an infallible exposition of the legislative intent. The case of *Parsons* v. *Whitmore,* 1 *Root* 117. establishes the legal propriety of originally depositing the sum allowed for maintenance with the gaoler ; but has no relevancy on the question, whether the debtor may not authoritatively demand it.

The other Judges were of the same opinion.

*Judgment to be affirmed.*